**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| C.G. et al., | : | |
|     Plaintiffs | : | Civil Action No. 1:06-CV-1523 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| THE COMMONWEALTH OF | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| EDUCATION and | : | |
| GERALD ZAHORCHAK, | : | |
|     Defendants | : | |

**ORDER**

**THE BACKGROUND TO THIS ORDER IS AS FOLLOWS:**

This case, brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and other federal laws, involves a challenge to Pennsylvania's method of delivering special education funds to local school districts. On February 25, 2008, the Court issued an order denying Defendants' motion to dismiss Plaintiffs' complaint. (Doc. No. 31.) Before the Court is Defendants' motion for reconsideration of that order (Doc. No. 32) with respect to Plaintiff G.J. In the motion, Defendants argue that G.J., who is a regular-education student, lacks standing to challenge the special-education funding method.

A party may file a motion for reconsideration in order to "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A motion for reconsideration is properly granted if one of the following three grounds is present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Quinteros, 716 F.3d at

677.  Defendants argue that the Court committed a clear error of law by not dismissing the claims brought by G.J. for lack of standing.  Moreover, because standing is a jurisdictional prerequisite, without it the Court "does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."  Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

According to the amended complaint, unlike the other plaintiffs who are special-education students, G.J. is a regular-education student at Reading High.  (Am. Compl. ¶ 61.)  In addition, the amended complaint alleges that "GJ does not participate in any after school clubs or activities.  On information and belief, Reading [School District] offers few enrichment or after school activities because of its budgetary problems."  (Am. Compl. ¶ 61.)

As this Court previously stated, "the three elements of constitutional standing—injury in fact, causation, and likelihood of redressability—are 'an indispensable part of the plaintiff's case, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" (Doc. No. 31, at 5) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

Defendants argument, in essence, is that G.J. lacks standing because she cannot satisfy the second element of standing—causation—because G.J. has not shown that the funding formula at issue caused her any harm.  Whether or not Defendants are correct, the Court finds that the motion for reconsideration should be granted because G.J. has failed to demonstrate that she can satisfy either the first or third elements of standing.

First, G.J. has failed to satisfy her burden to show that she suffered an injury-in-fact. Unlike the other plaintiffs in this case, G.J. has not been deprived of "essential special-education staff and programs, including tutoring, extended-school-year programs, and bilingual-education staff." (Doc. No. 31, at 6.)  Nor has she been affected by the allegation that the funding mechanism creates incentives for school districts to "identify fewer students as eligible for special education." (Id.)  Finally, the amended complaint provides no basis to believe that G.J. is affected by the school districts' decision to "divert special-education students away from traditional classroom settings and into subsidized approved private schools in violation of the IDEA." (Id.)  Plaintiffs' sole argument with respect to G.J.'s injury is that a generalized assertion that "Plaintiffs have sufficiently alleged that Reading does not offer either its regular education or special education students adequate education and that GJ has been seriously harmed by funding based restrictions." (Doc. No. 36, at 4) (internal citations omitted). However, as discussed in the Court's February 25, 2008, order, an injury-in-fact must be "actual or imminent" and "concrete and particularized." (Doc. No. 31, at 5.)  Here, the generalized claim that "Plaintiffs' children in the Reading School District have been seriously harmed by funding-based restrictions" (Am. Compl. ¶ 51), is not sufficiently particularized to meet the irreducible constitution minimum.  Accordingly, G.J. is unable to show that she has suffered an injury-in-fact.

Second, G.J. has failed to demonstrate that there is any likelihood of redressability. Unlike the other plaintiffs, who alleged that "the school districts have not provided essential special-education services due to funding shortfalls created by the inequities in the funding formula" (Doc. No. 31, at 9), G.J. has not satisfied her burden to show that any injury she

3

suffered is remediable by a court order. In particular, the amended complaint alleges that G.J. does not participate in any after-school activities and that budget restrictions at Reading School District cause a lack of variety of after-school activities. However, even if the Court were to enter an injunction redistributing funds in order to guarantee a free appropriate public education to special-education students, and even if Reading School District offered additional after-school activities, there is no cause to find that Reading School District would provide an after-school activity in which G.J. would participate. Absent any allegations or evidence that would demonstrate a likelihood of redressability, G.J. lacks standing to pursue her claims.

Thus, because G.J. cannot show that she suffered injury-in-fact and that there is a likelihood of redressability, G.J.'s claims must be dismissed for lack of jurisdiction.

**WHEREFORE**, on this 3rd day of November, 2008, for the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1. Defendants' motion for reconsideration (Doc. No. 32) is **GRANTED**.

2. Plaintiff G.J.'s claims are **DISMISSED** for lack of jurisdiction.

3. Plaintiffs shall be permitted to file a motion for leave to amend their amended complaint no later than ten (10) days from the date of this order. Any such motion must be limited to the claims advanced by G.J.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania