IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CG and SB, Parents of Minor Children enrolled in the Lancaster School District, et al., | CIVIL ACTION NO. **1:CV-06-1523** |
| Plaintiffs | (Chief Judge Kane) |
| v. | Magistrate Judge Blewitt |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF EDUCATION, et al., | |
| Defendants | |

**ORDER**

**I. Background.**

On March 4, 2009, the Court issued an Order and directed the parties to file letter briefs addressing the issue of whether the information inadvertently provided to Plaintiffs by Defendants in their response to Plaintiffs' Third Request for Production of Documents, Request numbers 1-2, required prior notice under the Family Educational Rights and Privacy Act ("FERPA"). (Doc. 90). In the stated discovery requests, Plaintiffs asked Defendants to produce information which they contended the Pennsylvania Department of Education ("ED") is required to gather and distribute to the public under Section 16 of the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*[1]

---

[1] Effective July 1, 2005, the IDEA was amended by the Individuals with Disabilities Education Improvement Act of 2004 Pub. L. No. 108-446. *See Maria C. ex rel. Camacho v. School Dist. of Philadelphia*, 142 Fed. Appx. 78, 79, n. 1 (3d Cir. 2005).
Since Plaintiffs have quoted the relevant section of the IDEA under which they sought the requested information in their letter brief, we shall not do so herein. (Doc. 92, pp. 1-2, n. 1).

Both parties filed their letter briefs on March 11, 2009. (Doc. 91, Defendants and Doc. 2, Plaintiffs).

## II. Discussion.

Defendants state that despite the agreement of the parties that ED would produce only a sample of the information responsive to Plaintiffs' stated discovery requests, and despite ED's intent to only produce a sampling of information, ED inadvertently produced all of the information in an unredacted form. According to Defendants, the information which it produced consisted of "three large excel spreadsheets containing 382,660 spreadsheet rows of detailed information. The production represented five years of information about students ages 5-21, affecting over 300,000 identifiable students." (Doc. 91, p. 3). Defendants now argue that their inadvertent disclosure of all of the information was improper under the FERPA since notice was required prior to the release of the information to Plaintiffs. Plaintiffs agree that ED inadvertently supplied them with more information than it had intended to release, which included "information regarding the number of students in certain categories in the data." (Doc. 92, p. 2). However, Plaintiffs point out that "the information supplied by Defendants contained no names, birth dates, ethnicity, race, ages, gender, social security numbers, or any other direct identifies of any individual child." (*Id.*). Plaintiffs also note as follows:

> The subject information has been viewed by counsel for the putative class and their expert, but no other person. Counsel for the putative class is bound to hold this information confidential under the Pennsylvania Rules of Professional Conduct Rule 1.6. In addition, both counsel and their expert are required to maintain the confidentiality of information designated under the terms of the Order for Confidentiality entered by the Court in the within matter. (Docs. 67-2, 71).

(*Id.*, p. 2, n. 2).

2

Defendants agree with Plaintiffs that under the IDEA and FERPA, notification is required prior to disclosure "of personally identifiable information." (Doc. 91, pp. 4-5). Also, as Defendants state (*Id.*, p. 5), the information must be linked to a specific student that would permit a reasonable person in the school community to identify the student with reasonable certainty. Defendants state that the information they inadvertently provided to Plaintiffs allows Plaintiffs to identify specific individual students who receive special education services in specific Pennsylvania school districts. In support of their position, Defendants attached to their letter brief the Declaration of Patricia Hozella, Assistant Director of the Bureau of Special Education at ED. Hozella avers as follows:

> 9. The data/information inadvertently provided to Plaintiffs in response to Plaintiffs' Third Set of Requests for Production of Documents, request number 1 includes personally identifiable information related to specific students.
>
> 10. More specifically, the data inadvertently provided to Plaintiffs includes five consecutive years of data with the following specific information:
>
> > a. The student's primary disability;
> >
> > b. The student's secondary disability;
> >
> > c. Whether the student is limited English proficient;
> >
> > d. The school district the student attends;
> >
> > e. The student's grade level (elementary, middle, or secondary);
> >
> > f. The type of service provided to the students;
> >
> > g. The type of support provided to the students;

3

        h.        The extent to which the student participates in regular education classes;

        i.        Transition items related to the student's post-secondary goals;

        j.        For those students who exited special education/ graduated; aged out of the program the date they exited and the reason for exiting special education.

(Doc. 91-2, ¶ 9. and ¶ 10.).

Hozella further avers:

    12.    When considered alone or in combination, the data inadvertently released to Plaintiffs can be linked or is linkable to about 370,000 specific students.

    13.    For example, a district who has only three students identified as limited English proficiency, with the same disability, who graduated in a given year would easily be traceable to the individual students with the additional data variables described in paragraph 10, which was inadvertently released to Plaintiffs.

    14.    By way of further example, a student identified with a specific disability category, in an elementary program, receiving a specific type of service and type of support, and identified as spending a certain amount of time in the regular education classroom would easily lead to the child's identification.

(Id., ¶'s 12.-14.).

Defendants have shown that the information they inadvertently released to Plaintiffs is the PennData information they provide to the United States Department of Education about students with disabilities required from each state by 20 U.S.C. § 1418(a). (Doc. 91, p. 6).

Plaintiffs have not provided any evidence to dispute the averments made by Hozella. Nor have Plaintiffs sufficiently countered Defendants' claim, based on Hozella's Declaration, that since

4

the unredacted information they have inadvertently provided to Plaintiffs was broken down by school district and since much of the information contained data with an aggregate number of 10 or less, "Plaintiffs have enough detailed information to personally identify with reasonable certainty over 300,000 specific students receiving special education and related services in [Pennsylvania]." (Doc. 91, p. 8).

Based on the letter briefs of the parties, the Court agrees with Defendants and their rationale (Doc. 91, pp.43-8) that the inadvertent disclosure of the stated information by ED violates the IDEA and the FERPA since, as Defendants have established, the information provided to Plaintiffs is data identifiable to individual children.

## III. Conclusion.

To remedy Defendants' improper disclosures of the stated PennData information to Plaintiffs, the Court adopts, in part, the third alternative remedy proposed by Defendants. (Doc. 91, pp. 10-11). The Court directs Defendants' representatives, within five (5) days of the date of this Order, to personally go to the office of Plaintiffs' counsel and to retrieve all of the inadvertently produced information, and any copies thereof, and to destroy this information at Defendants' expense. The Court also directs Defendants to deliver to Plaintiffs, within ten (10) days of the date of this Order, at Defendants' expense, the redacted form (*i.e.* by redacting information containing data with an aggregate number of 10 and less) all of the PennData information Plaintiffs have requested in their Third Set of Requests, numbers 1-2.[2] The Court further directs Defendants to

---

[2] Defendants represent that they "may produce the information without notification if all numbers of 10 and less are redacted." Also, as Defendants point out, Plaintiffs have already accepted redacted discovery documents. Doc. 91, pp. 10-11.

pay attorney fees to counsel for Plaintiffs for her time related only to the filing of Plaintiffs' Doc. 92 letter brief. Counsel for Plaintiffs is directed to provide Defendants with an Affidavit as to her stated time and customary rate related to the filing of Plaintiffs' Doc. 92 letter brief within five (5) days of the date of this Order.

**SO ORDERED.**

_____
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: March 16 2009