IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| C.G., et al., | : | |
|     Plaintiffs | : | Civil Action No. 1:06-cv-1523 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| THE COMMONWEALTH OF | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| EDUCATION, and SECRETARY | : | |
| GERALD ZAHORCHAK, | : | |
|     Defendants | : | |

**MEMORANDUM ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

On September 9, 2009, Plaintiffs filed a motion for summary judgment and multiple exhibits in support of that motion. (Doc. No. 109.) Among the exhibits was an expert report prepared by Dr. Bruce Baker, which had been disclosed to Defendants on April 24, 2009, in accordance with the Court's scheduling order. (Doc. Nos. 109-2 through 109-5.) On November 12, 2009, Plaintiffs filed a supplemental expert report by Baker which they characterize as an "affidavit." (Doc. No. 149-2.) The "affidavit" updates the prior report written by including figures from the 2009-2010 special education budget that were not available at the time of Baker's initial report. The "affidavit" also directly responds to the report of Defendants' expert, Dr. Jay Gottlieb. The "affidavit" was not disclosed to Defendants prior to its date of filing, November 12, 2009, six months after the Court deadline for disclosure of expert reports had passed.

The Court finds that Document Number 149-2, characterized by Plaintiffs as "an affidavit by Dr. Bruce Baker," is actually a supplemental expert report that did not meet Court deadlines. Plaintiffs' characterization of the document as an affidavit is inapt. The report at issue relies

upon Baker's expert knowledge and opinion testimony, and therefore is admissible in evidence only as an expert report pursuant to Federal Rule of Evidence 702. As such, the report is subject to the disclosure requirements of Federal Rule of Civil Procedure ("FRCP") 26 and the Court's scheduling orders on deadlines for submission of expert reports, which the report did not meet. Further, the report is not admissible under FRCP 26(e)'s requirement that a party supplement or correct information in a report that has become inaccurate because the new report adds to, but does not correct, information from Baker's initial expert report. Fed. R. Civ. P. 26(e). As a sanction for failure to comply with a Court order, the Court may exclude the report.

    Yet, prior to finding that evidence should be excluded pursuant to FRCP 37(b) for failure to follow a Court order, the Court must examine the factors set out by the Third Circuit Court of Appeals in Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000). The factors to consider are: 1) prejudice to the party against whom the excluded evidence will be admitted, 2) ability to cure that prejudice, 3) the disruption the evidence would have on the progress of the case, and 4) the bad faith of the party proposing the evidence. Id. The Court finds that the report primarily restates or serves to support arguments Plaintiffs made in other filings and does not raise new arguments, thus the prejudice to Defendants is minimal. Moreover, the report was not submitted on the eve of trial. Rather, Defendants have had an opportunity not only to respond to any new issues raised in the report by virtue of their summary judgment reply brief but also still have time to move the Court for an opportunity to respond to the report prior to trial. The Court's acceptance of Plaintiffs' filing would not cause undue delay or inefficiency, as the report will be considered in tandem with the parties' summary judgment filings. Last, the Court finds that there is no evidence of bad faith. As a result, all factors weigh against exclusion.

    **AND NOW**, this 2nd day of July 2010, upon consideration of Defendants' motion to

strike Dr. Baker's expert report (Doc. No. 157), **IT IS HEREBY ORDERED THAT** the motion is **DENIED.**

   S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania